IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GREGG W. PAULSON, #0825838 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv002 |
| TDCJ, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRTE JUDGE

Before the Court is the Motion to Dismiss filed by Defendants the Texas Department of Criminal Justice (TDCJ), Director Bobby Lumpkin, Senior Warden Lonnie Evan Townsend IV, Assistant Warden Michael Collum, and the University of Texas Medical Branch (UTMB) pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). (Dkt. #58). For the reasons explained below, the Court recommends that the Motion to Dismiss be DENIED, without prejudice, as moot.

**I.      Background**

Plaintiff Gregg W. Paulson, proceeding *pro se* and *in forma pauperis*, filed his Original Complaint asserting federal statutory claims under the Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a) (the "Rehab Act"), Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12165, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc, et seq., in connection with his ability to attend communal religious services. Plaintiff also asserted claims under the First, Eighth, and Fourteenth Amendment claims pursuant to 42 U.S.C. § 1983. (Dkt. #1).

On March 15, 2022, the Court ordered Plaintiff to replead to cure certain deficiencies in his pleadings. (Dkt. #16). He filed his first Amended Complaint on March 28, 2022. (Dkt. #20). In response to the Court's Order to Answer and Scheduling Order (Dkt. #28), Defendants TDCJ, Lumpkin, Townsend, Collum, and UTMB filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). (Dkt. #58). The Court appointed counsel for Plaintiff and scheduled a status hearing conference. (Dkt. ##44, 62). At the October 6, 2022, status hearing conference, Plaintiff's counsel stated that Plaintiff would file an amended complaint clarifying his claims and the parties that he intended to sue.

On April 24, 2023, Plaintiff filed his Motion for Leave to Amend and his Second Amendment Complaint against all Defendants. (Dkt. ##66, 67). As Plaintiff's Motion for Leave to Amend was unchallenged, the Court granted Plaintiff permission to file his Second Amended Complaint, which is the operative pleading in this case. (Dkt. #68).

## II.     Discussion and Analysis

An amended complaint supersedes the original complaint. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). An amended complaint, which supersedes the original complaint as the operative live pleading, renders moot a motion to dismiss to dismiss the original complaint. *McMurdy v. Boston Scientific Corp.*, No. 2:19-cv-301-JRG, 2019 WL 6131296 (E.D. Tex. Nov. 19, 2019); *see, e.g., Garza-Selcer v. 1600 Pac. Subtenant, LLC*, No. 3:15-CV-03791-N, 2016 WL 11474103, at *2 (N.D. Tex. Aug. 30, 2016) ("When a motion to dismiss is filed against a superseded complaint, courts ordinarily deny the motion as moot."); *Stredwick v. Dallas Margarita Soc'y, Inc.*, No. 3:12-CV-623-F, 2012 WL 12893430, at *1 (N.D. Tex. June 27, 2012) ("The filing of an amended complaint generally renders pending motions moot.").

An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading. *La. Fiber Corp., v. Fireman's Fund Ins. Co.*, 105 F.3d 665 (5th Cir. 1996) (quoting *King*, 31 F.3d at 346). A motion to dismiss that is addressed to the nullified original complaint is therefore moot, because no relief can be granted based upon the original complaint.

The Court, having carefully reviewed the Plaintiff's Second Amended Complaint and Defendants' Motion to Dismiss Plaintiff's Original Complaint, concludes that Defendants' Motion to Dismiss should be denied as moot. Given that the Court granted the Plaintiff's unchallenged Motion for Leave, the Court recommends that a denial of Defendants' Motion to Dismiss should be without prejudice. *See Xtria, LLC v. Int'l Ins. All. Inc.*, No. CIV.A.309-CV-2228-D, 2010 WL 1644895, at *2 (N.D. Tex. Apr. 22, 2010) ("Because [the plaintiff] has been granted leave to amend, [the defendant's] motion to dismiss and for judgment on the pleadings are denied without prejudice as moot.").

## RECOMMENDATION

Accordingly, it is recommended that Defendants TDCJ, Lumpkin, Townsend, Collum, and UTMB's motion to dismiss (Dkt. #58) be **DENIED** without prejudice, as moot.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of

unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 20th day of June, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE