IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| GREGG W. PAULSON, #825838, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:22-cv-2-JDK-KNM |
| TDCJ, et al., | § § § | |
| Defendants. | § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Gregg W. Paulson, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

Before the Court is Defendants the Texas Department of Criminal Justice, Bobby Lumpkin, Lonnie Evan Townsend IV, Michael Collum, and the University of Texas Medical Branch's motion to dismiss. Docket No. 58. On June 20, 2023, Judge Mitchell issued a Report and Recommendation recommending that the Court deny the motion to dismiss as moot based on Plaintiff's Second Amended Complaint. Docket No. 69. Defendants filed objections, to which Plaintiff responded. Docket Nos. 70, 72.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28

U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In their objections, Defendants argue that Plaintiff's Second Amended Complaint (Docket No. 67) did not moot Defendants' motion to dismiss (Docket No. 58) because the amended complaint incorporated a prior complaint. The Court disagrees. Defendants cite nothing in the Second Amended Complaint that "specifically refers to and adopts or incorporates by reference the earlier pleading." *La. Fiber Corp., v. Fireman's Fund Ins. Co.*, 105 F.3d 665 (5th Cir. 1996) (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)). The Second Amended Complaint may repeat some of the allegations or issues raised in the prior complaint, but that is not sufficient to adopt or incorporate the prior complaint.

Defendants also object to the Report on the basis of Plaintiff's standing to raise the issues asserted in his Second Amended Complaint. This argument is not a proper objection to the Report but rather an attack on the Second Amended Complaint. An attack on standing is proper in a motion to dismiss but not in objections to the Report and Recommendations. Issues raised for the first time as objections to a magistrate judge's report are not properly before the district judge. *Finley v. Johnson*, 243 F.3d 215, 218 n.3 (5th Cir. 2001) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)). Objections must specifically identity those findings, conclusions, or

recommendations *in the Report* to which objections are being made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1)(C); *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (*en banc*).

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Defendants' objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 69) as the opinion of the District Court. The Court **DENIES** Defendants' motion to dismiss (Docket No. 58) without prejudice as moot.

So **ORDERED** and **SIGNED** this **11th** day of **August, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

3