IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| GREGG W. PAULSON, #825838, | § |
| Plaintiff, | § |
| v. | § Case No. 6:22-cv-2-JDK-KNM |
| TDCJ, et al., | § |
| Defendants. | § |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Gregg W. Paulson, a Texas Department of Criminal Justice inmate, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

Before the Court is Defendants Roger Boyd, Jennifer Brown,[1] Edmundo Cueto, and Lonnie Townsend's motion to dismiss for failure to state a claim and based on qualified immunity. Docket No. 79. On July 23, 2024, Judge Mitchell issued a Report and Recommendation recommending that the Court grant in part and deny in part Defendants' motion. Docket No. 89. The Report recommended that the Court dismiss Plaintiff's claims concerning (1) loss of personal property under the Fourteenth Amendment, (2) conditions of confinement under the Eighth Amendment, (3) placement in administrative segregation under the Fourteenth Amendment, and (4)

---

[1] It appears Defendant Jennifer Brown was formerly known as Jennifer Sanders. Docket No. 79 at 8. Although both names appear in the pleadings and filings in the case, the Court will refer to her as Brown throughout this order.

1

access to courts. It recommended that the Court allow to proceed Plaintiff's claims under (1) the Americans with Disabilities Act (ADA), (2) the Rehabilitation Act, (3) the Religious Land Use and Institutionalized Persons Act (RLUIPA), (4) the First Amendment, and (5) the Equal Protection Clause of the Fourteenth Amendment. Plaintiff and Defendants Townsend, Cueto, and Boyd filed objections. Docket Nos. 90, 91.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

## I. BACKGROUND

On a motion to dismiss, the Court will "accept as true all well-pleaded facts and construe the complaint in the light most favorable to the plaintiff." *Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023) (citing *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020)).

In his second amended complaint, Plaintiff explains that he is a member of the Navajo Nation and sincerely adheres to their religious beliefs, including regularly attending services. Docket No. 67 at 4. Plaintiff also explains that he is considered disabled under the ADA and the Rehabilitation Act. *Id.* at 4–5.

Plaintiff's grievances apparently began when TDCJ transferred him to the Michael Unit around September 2021. *Id.* at 5. Because of his disabilities, TDCJ applied a "cool-bed" restriction to Plaintiff and assigned him to 12 Building. *Id.* at 6. Based on his placement in 12 Building, he was subject to administrative-segregation policies. *Id.* Based on these policies, Plaintiff was confined to his cell for twenty-three hours per day; was denied medical meals and not allowed to attend chow hall; was barred from educational programs, craft shop, and religious services; was denied telephone and television access; and was denied access to the TDCJ grievance system, general library, and law library. *Id.* at 6–7. In general, these policies are the basis of Plaintiff's claims.

In July 2022, Plaintiff was transferred to TDCJ's Connally Unit. Docket No. 43. In his second amended complaint, Plaintiff alleges that certain discrimination based on medical condition and disabilities continues after the transfer, including limited access to television and eating accommodations. Docket No. 67 at 8–9.

## II. PLAINTIFF'S OBJECTIONS

### A. Property Claim

Plaintiff alleges that Defendant Brown barred him from participating in the Michael Unit craft shop based on his medical restrictions. Docket No. 67 at 15. Plaintiff asserts that Defendant Brown barring him from the craft shop resulted in the destruction of his tools, depriving him of his property without due process. *Id.*; Docket No. 83 at 6.

3

The Report applies the *Parratt/Hudson* doctrine to recommend dismissing this claim. Docket No. 89 at 12–13. Plaintiff alleges that Defendant Brown destroyed Plaintiff's property in violation of TDCJ policy. Docket No. 83 at 6. "Under the *Parratt/Hudson* doctrine, a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the State fails to provide an adequate postdeprivation remedy." *Weeks v. Collier*, 2023 WL 7703823, at *5 (5th Cir. Nov. 15, 2023) (quoting *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004)). As the Report explains, Texas provides an adequate remedy through a state-court tort claim of conversion. Docket No. 89 at 13 (citing *Murphy v. Collins*, 26 F.3d 541, 543–44 (5th Cir. 1994)).

Plaintiff's reliance on *T.O. v. Fort Bend Independent School District*, 2 F.4th 407, 420 (5th Cir. 2021), to distinguish between a procedural and substantive due process claim is misplaced. The concurrence Plaintiff cites was considering bodily integrity in a school context—a very different circumstance than a prisoner complaining about destroyed personal property.

Rather, *Holloway v. Walker*, 784 F.2d 1287, 1293 (5th Cir. 1986), forecloses Plaintiff's argument. In *Holloway*, the Court stressed that the distinction between procedural and substantive due process "cannot displace common sense." As the court explained:

> [T]he effect of accepting plaintiff's arguments would be to hold that although a person fails to state a due process claim by complaining that he was deprived of property without due process (under *Parratt/Hudson*), he nonetheless states a due process claim by

4

>complaining he was not provided due process while being deprived of his property.

*Id.* at 1294. Under this logic, every prisoner property taking would be a substantive due process violation. And the Fifth Circuit explicitly stated that it "would not undermine *Parratt/Hudson* in this way." *Id.* at 1294–95.

Plaintiff's objections on this issue are overruled, and the Court will dismiss Plaintiff's property claim against Defendant Brown.

### B. Fourteenth Amendment – Placement in Administrative Segregation

Plaintiff objects to the Report's reliance on *Wilkerson v. Austin*, 545 U.S. 209 (2005), as the incorrect test of whether Plaintiff's Fourteenth Amendment claim implicates a liberty interest. Docket No. 90 at 6–7. Plaintiff explains that *Wilkerson* should not apply because unlike here, *Wilkerson* considered a prisoner's custodial status based on the prisoner's own conduct. The Court disagrees.

*Wilkerson* has been applied in broad circumstances to determine whether confinement conditions "posed an atypical or significant hardship"—not only based on the prisoner's conduct. *See, e.g.*, *Harnandez v. Velasquez*, 522 F.3d 556, 563 (5th Cir. 2008) (explaining that "non-disciplinary lockdown is by no means an atypical prison experience"); *Wagner v. Hanks*, 128 F.3d 1173, 1176 (7th Cir. 1997) ("Every state must have somewhere in its prison system single-person cells in which prisoners are sometimes confined not because they have misbehaved but simply because the prison has no other space, wishes to protect some prisoners from others, wishes to keep prisoners isolated from one another in order to minimize the risk of riots or other disturbances, wishes to prevent the spread of disease, and so forth."). Here, Plaintiff

5

was assigned to administrative segregation based on TDCJ's cool-bed policy rather than his personal misconduct. Docket No. 67 at 6. But that does not render the *Wilkerson* test inapplicable.

The Report also properly applied the *Wilkerson* test, focusing on the severity and duration of the restrictions. Docket No. 89 at 23–26; *see Wilkerson*, 774 F.3d at 853. Even if Plaintiff's alleged administrative segregation restrictions were as severe as those discussed in *Wilkerson*, unlike there, Plaintiff's complained-of restrictions lasted less than one year. Docket No. 89 at 24–25; *see* 774 F.3d at 849 (describing administrative segregation restrictions). And spending less than twelve months in administrative segregation is not an "atypical and significant hardship" that implicates a liberty interest. *Compare Wilkerson*, 774 F.3d at 855 (finding thirty-nine years in solitary confinement gave rise to a liberty interest) *and Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000) (eight years in administrative custody with no prospect of release was atypical) *with Hernandez v. Velasquez*, 522 F.3d 556, 563 (5th Cir. 2008) (twelve months in lockdown was not an atypical or significant hardship); *Escobarrivera v. Whitaker*, 2022 WL 17352178, at *4 (5th Cir. Dec. 1, 2022) (three to four years in generally isolated confinement did not establish a liberty interest).

Accordingly, the Court overrules this objection and will dismiss Plaintiff's Fourteenth Amendment due process claim concerning his placement in administrative segregation.

### C. Eighth Amendment – Conditions of Confinement

Courts apply a two-part test to determine whether a prisoner has established an Eighth Amendment violation:

6

> First, he must demonstrate the objective component of conditions so serious as to deprive prisoners of the minimal measure of life's necessities, as when it denies the prisoner some basic human need. Second, under a subjective standard, the prisoner must establish that the responsible prison officials acted with deliberate indifference to his conditions of confinement.

*Harper v. Showers*, 174 F.3d 716, 719–20 (5th Cir. 1999) (cleaned up).

Plaintiff's objections attack the Report's finding as to the subjective prong but ignore the objective prong. Docket No. 90 at 8. The Report correctly determined that Plaintiff's allegations of bugs, pests, and water leaks in his cell do not generally establish a constitutional violation. Docket No. 89 at 19. Indeed, the "presence of pests, by itself, is not a constitutional violation." *Elliot v. Cerliano*, 2022 WL 2525439, at *2 (E.D. Tex. May 9, 2022) (citing several relevant cases). Because Plaintiff has failed to plead facts meeting the objective component of the test, the Court need go no further. Accordingly, the Court overrules this objection and will dismiss Plaintiff's Eighth Amendment claim concerning his conditions of confinement.

### D. Access to Courts

Next, Plaintiff objects to the dismissal of his access-to-courts claim against Warden Townsend. Docket No. 90 at 9.

An access-to-courts claim "must identify a 'nonfrivolous,' 'arguable' underlying claim" that the plaintiff's lack of access barred him from litigating. *Cristopher v. Harbury*, 536 U.S. 403, 415 (2002) (quoting *Lewis v. Casey*, 518 U.S. 343, 353 & n.3 (1996)); *see also Torres v. Bullock*, 2021 WL 2451326, at *4 (S.D. Tex. Apr. 6, 2021) ("In particular, to succeed on a claim of denial of access to courts, a plaintiff must show that he lost an actionable or nonfrivolous claim or was prevented from

7

presenting such a claim because of the alleged denial."). Here, Plaintiff argues that he endured the inhumane conditions of administrative segregation for much longer than he otherwise would have because of his inability to timely prosecute his preliminary injunction request. Docket No. 90 at 9.

But it is not clear what legal claim Plaintiff alleges he was barred from litigating. The only reference to his access-to-courts claim in the second amended complaint states: "Warden Townsend deprived Plaintiff of access to courts and due process restricting his access to the library and grievance system." Docket No. 67 at 13. But Plaintiff's case and claims are obviously ongoing. And Plaintiff, through his court-appointed counsel, withdrew his motions for a temporary restraining order and preliminary injunction around six months after filing them and only a few weeks after Defendants responded to them. Docket No. 56. Further, Plaintiff's complaint fails to identify any materials he was denied or provide any details concerning how the denial hindered his litigation efforts. *See Mark v. Spears*, 2023 WL 5316554, at *5 (5th Cir. Aug. 17, 2023).

Accordingly, the Court overrules this objection and will dismiss Plaintiff's access-to-courts claim.

### III. DEFENDANT'S OBJECTIONS

#### A. Lack of Jurisdiction

Defendants Townsend, Cueto, and Boyd first object that the Court must address jurisdiction and venue before considering the merits of Plaintiff's claims arising out of conduct at TDCJ's Connally Unit. Docket No. 91 at 2–3. But these issues are not currently before the Court, as Defendants did not raise jurisdiction or

venue in the pending motion to dismiss (Docket No. 79).[2] *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) ("We have held that issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." (citing *United States v. Armstrong,* 951 F.2d 626, 630 (5th Cir.1992))).

Defendants previously challenged certain claims as moot. Docket No. 58. The Court denied that motion without prejudice based on Plaintiff's second amended complaint. Docket Nos. 69, 73. Rather than raising these challenges in a renewed motion to dismiss, Defendants improperly raise them in their objections. Accordingly, this objection is overruled.

## B. Qualified Immunity

Defendants Townsend, Boyd, and Cueto also object to the recommendation to deny them qualified immunity as to Plaintiff's First Amendment and Fourteenth Amendment claims. Docket No. 91 at 3–4. Defendants argue that it is "Plaintiff's burden to plead non-conclusory facts showing Warden Townsend, Warden Cueto, and Warden Boyd's alleged actions violated clearly established law of which a reasonable person would have known." *Id.* at 4 (citing *Flores v. City of Palacios*, 381 F.3d 391, 395 (5th Cir. 2004)).

The Court agrees that Plaintiff's pleadings must plead allegations sufficient to overcome the qualified immunity defense. *Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022). That is, Plaintiff must allege facts showing that: (1) Defendants violated

---

[2] The Court has previously explained to Defendants that a motion to dismiss, rather than objections to a Report and Recommendation, is the proper vehicle for specific challenges to Plaintiff's second amended complaint. Docket No. 73 at 2–3.

9

his constitutional right and (2) that the right at issue was clearly established when violated. *See Harmon v. City of Arlington*, 16 F.4th 1159, 1163 (5th Cir. 2021). But as the Report explains—and Defendants fail to meaningfully challenge—the second amended complaint successfully does that for Plaintiff's First Amendment and Fourteenth Amendment claims.

"Under the Constitution, 'reasonable opportunities must be afforded to all prisoners to exercise the religious freedom guaranteed by the First and Fourteenth Amendments.'" *Pedraza v. Meyer*, 919 F.2d 317, 320 (5th Cir. 1990) (quoting *Cruz v. Beto,* 405 U.S. 319, 322 n.2, (1972)). In his complaint, Plaintiff alleges that Defendant Townsend denied Plaintiff access to religious services solely because of Plaintiff's cool-bed restriction. Docket No. 67 at 14. This sufficiently alleges a claim that overcomes qualified immunity on a motion to dismiss.

"It is clearly established that a state violates the equal protection clause when it treats one set of persons differently from others who are similarly situated." *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000) (citing *Wheeler v. Miller,* 168 F.3d 241, 252 (5th Cir. 1999). Here, Plaintiff alleges that Defendants Boyd and Cueto discriminated against Plaintiff—denying him equal recreation space, opportunities, and eating facilities—based on his medical conditions and disability. Docket No. 67 at 8–9, 15. This too sufficiently alleges a claim that overcomes qualified immunity on a motion to dismiss.

This is not necessarily the last word on qualified immunity. *Carswell*, 54 F.4th at 312 ("None of this means, of course, that the QI determination must be made once-

and-for-all at the motion-to-dismiss stage."). To the extent Defendants believe that they have a basis for qualified immunity, they may raise that argument on summary judgment. *Id.* This objection is overruled.

The Court has conducted a de novo review as to the objected-to issues and has otherwise reviewed the Magistrate Judge's findings for clear error or abuse of discretion and the legal conclusions to determine whether they are contrary to law. Based on this review, the Court finds that the Report of the Magistrate Judge is correct, and the parties' objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 89) as the opinion of the District Court. The Court **GRANTS** in part and **DENIES** in part Defendants' motion to dismiss (Docket No. 79). Plaintiff's claims concerning the denial of access to courts, conditions of confinement under the Eighth Amendment, placement in restrictive housing under the Fourteenth Amendment, and his personal property are **DISMISSED** with prejudice for the failure to state a claim upon which relief may be granted. Plaintiff's RLUIPA claim, First Amendment religion claim, ADA and Rehabilitation Act claims, and Fourteenth Amendment Equal Protection claims will proceed.

So **ORDERED** and **SIGNED** this **27th** day of **September, 2024.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE