**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| GREGG W. PAULSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:22-cv-002-JDK |
| | § | |
| TDCJ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Gregg W. Paulson, a prisoner confined within the Texas Department of Criminal Justice (TDCJ) now represented by counsel, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights while imprisoned at the Michael and Connally Units. The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Under Defendants' "cool-bed policy," Plaintiff was given a "heat score" and placed on a cool bed in 12Building at the Michael Unit. 12Building is considered "restrictive housing" where primarily dangerous prisoners are confined to their cells. Plaintiff alleges that, while housed in the unit, he was not permitted to attend religious services in violation of his rights under RLUIPA and the First Amendment. He also contends that Defendants violated his right to equal protection under the Fourteenth Amendment.

On July 31, 2025, Defendants Boyd, Collier, Cueto, Townsend, and TDCJ filed a motion for summary judgment. Docket No. 112. Judge Mitchell subsequently ordered the parties to file supplemental briefing, and thereafter issued a Report recommending that the Court grant Defendants' motion in part. Docket No. 127. Specifically, the Magistrate Judge determined that Plaintiff's RLUIPA claim should proceed while Plaintiff's First Amendment, ADA/RA, and Equal Protection claims should be dismissed. Judge Mitchell also found that Defendants were entitled to both sovereign and qualified immunity save the RLUIPA claim. Both parties filed objections, Docket Nos. 128, 129, at which point Judge Mitchell ordered Defendants to address Plaintiff's objections. Defendants filed their response. Docket No. 134.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Alexander v. Verizon Wireless Servs., LLC*, 875 F.3d 243, 249 (5th Cir. 2017). For those portions of the Report to which no objections are filed, the Court reviews the Magistrate Judge's findings for clear error or abuse of discretion and reviews the legal conclusions to determine whether they are contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (holding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court **OVERRULES** the parties' objections, Docket Nos. 128, 129, and **ADOPTS** the Report of the Magistrate Judge, Docket No. 127, as the opinion of the District Court. Therefore, Defendants' motion for summary judgment, Docket No. 112, is **GRANTED** in part—and Plaintiff's First Amendment, ADA/RA, and Equal Protection claims are **DISMISSED** with prejudice. In all other respects, the motion is **DENIED** and Plaintiff's RLUIPA claim will proceed before the Court.

**So ordered and signed on this**

**Sep 30, 2026**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE